IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS J. WINKLE,

                Petitioner,                Case No. 3:09 CV 2561

    -vs-

                                        MEMORANDUM OPINION

J.T. SHARTLE,

                Respondent.

KATZ, J.

       Pending before this Court is the June 16, 2010 Report and Recommendation ("R & R") of the Magistrate Judge addressing a writ of habeas corpus sought by Thomas J. Winkle ("Petitioner") filed pursuant to 28 U.S.C. § 2241. The Magistrate Judge recommended that the Court grant the Motion to Dismiss and deny the Petitioner's request for a writ of habeas corpus. For the reasons below, the Court now adopts the Magistrate's R & R in full, and denies the petition.

### I. PROCEDURAL BACKGROUND

       The Court hereby adopts the Magistrate's description of the procedural background of this case as set forward in the R & R, with minor corrections:

**FACTUAL & PROCEDURAL BACKGROUND**

       On August 16, 2003, Petitioner was indicted by the United States of America on one count of conspiracy to defraud the United States, a violation of 18 U.S.C. § 371, and one count of aiding and abetting a bank fraud, a violation of 18 U.S.C. § 1344 (Case No. 3:03-CR-00773, Docket No. 1). Petitioner was found guilty of both counts on September 16, 2004 (Case No. 3:03-CR-00773, Docket No. 83, p. 1 of 2). This Court sentenced Petitioner for a total term of 60 months on the conspiracy charge, 78 months on the aiding and abetting charge and ordered that Petitioner pay restitution in the amount of $8,054,000 to the Federal Deposit Insurance Corporation (Case No. 3:03-CR-00773, Docket No. 83, p. 4 of 6). Petitioner surrendered for service of sentence at Elkton Corectional Institution on November 15, 2004 (Case No. 3:03-CR-00773, Docket No. 98, p. 2 of 2). During his tenure at

Elkton, Petitioner, by every report, was a "model inmate of outstanding and unflinching character" (Docket No. 1, p. 3 of 8).

> At the time the Petition for Habeas Corpus was filed, Petitioner was still confined at Elkton (Docket No. 1, p. 3 of 8). Subsequently, in January 2010, Petitioner was transferred to the Alvis House in Cincinnati, Ohio (Docket No. 16, p. 2 of 6). [On March 24, 2010, Petitioner transitioned from Alvis House into home confinement (Docket No. 21, p. 17 of 18). Petitioner was released from the custody of the Bureau of Prisons on July 12, 2010 (Docket No. 22, p. 2 of 4). ]
> Petitioner filed the Petitioner for the Writ of Habeas Corpus on November 2, 2009, seeking immediate release to a CCC or home detention (Docket No. 1). Respondent responded by filing a Motion to Dismiss Petition as moot (Docket No. 15). Petitioner opposed the Motion to Dismiss (Docket No. 16).

(Doc. No. 20).

The Magistrate received the case under Local Rule 72.2(b)(2) and recommended denying the writ of habeas corpus. This Court conducts a *de novo* review of the Magistrate's R & R. 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

## II. JURISDICTION

A court must have proper jurisdiction to hear a case. "It has long been the case that 'the jurisdiction of the court depends on the state of things at the time the action is brought.'" *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (1920) (citing *Mollan v. Torrance*, 6 L. Ed. 154 (1824)). A federal court has jurisdiction to consider a petition for a writ of habeas corpus under 28 U.S.C. § 2241 when a prisoner is "in custody." 28 U.S.C. § 2241(c). The "in custody" requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (citing *Hensley v. Mun. Ct.*, 411 U.S. 345, 351 (1973)). "The Supreme Court has 'interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed.'" *Leslie*, 296 F.3d at 521 (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).

Petitioner satisfies the requirements for habeas jurisdiction. Although Petitioner has been subsequently released, he was incarcerated at Elkton Correctional Institution at the time the petition was filed. This Court has jurisdiction over Petitioner's petition for a writ for habeas corpus pursuant to 28 U.S.C. § 2241.

### III. DISCUSSION

*A. Mootness*

Article III of the United States Constitution extends the judiciary jurisdiction over all cases and controversies. U.S. Const. art. 3, §2, cl. 1. "Under Article III, federal courts may only adjudicate actual, ongoing cases or controversies." *Sjothun v. Federal Bureau of Prisons*, 2010 WL 561098, *1 (N.D. Ohio 2010) (*citing Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). This Court lacks jurisdiction to consider any case that has become moot. *Demis v. T.R. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*.

Throughout all stages of the litigation the parties must continue to have a personal stake in the outcome. *Id*. "If 'events occur during the pendency of a litigation which render the court unable to grant the requested relief,' the case becomes moot and thus falls outside the jurisdiction of the court." *Id*. (quoting *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002)). A prisoner must show "some concrete and continuing injury other than the now-ended incarceration or parole – some collateral consequence of the conviction must exist if the suit is to be maintained. *Id*. (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

When Petitioner filed his petition for a writ of habeas corpus in November 2009 he was seeking immediate release to a CCC or home detention. At the time the petition was filed, this Court had jurisdiction to consider Petitioner's claim because he was incarcerated at Elkton

3

Correctional Institution. However, while his petition for relief was pending, Petitioner's incarceration status changed multiple times. In January 2010, he was initially transferred to a CCC. In March 2010, he was transferred from the CCC to home detention. Petitioner's incarceration ended on July 12, 2010 when he was released from the custody of the Bureau of Prisons.

As he is no longer in custody, this Court is unable to grant the relief requested. Petitioner's transfer to a CCC and his subsequent release from custody rendered his petition for a writ of habeas corpus moot. It is not enough that the dispute was alive when Mr. Winkle's petition was filed. He must continue to have an injury that is capable of being redressed by a favorable judicial decision. *Sjothun*, 2010 WL 561098 at *1.

*B. Collateral Consequences*

A habeas corpus petition can survive mootness that arises from being released from custody by showing collateral consequences that follow from his conviction and remain ongoing. *Carafas v. La Vallee*, 391 U.S. 234, 237-238 (1968). The Supreme Court made it clear in *Spencer v. Kemna* "that 'it is the burden of the party who seeks the exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.'" *Demis*, 558 F.3d at 515 (quoting *Spencer*, 523 U.S. at 11).

As he is not challenging the validity of his conviction, Winkle "cannot merely point to 'generalized and hypothetical consequences' that attend any criminal conviction to defeat mootness." *Id*. at 516. Winkle must articulate concrete injuries or deprivations that are the result of the challenged BOP regulation and that remain live controversies for which the courts can provide meaningful relief. *Id*.

Winkle has failed to carry his burden because he has not articulated any concrete injuries that resulted from his delayed placement in a CCC. Although Winkle pointed to vague economic injuries in his Objection to the Magistrate's R & R, his habeas petition did not seek any monetary damages for such injuries. *See Demis*, 558 F.3d at 516.  Because there are no collateral consequences that resulted from Winkle's delayed placement in a CCC, the collateral consequences exception does not save Winkle's habeas petition from mootness.

*C. Capable of Repetition but Evading Review*

Winkle's habeas petition does not fall into the exception to the mootness doctrine for cases that are "capable of repetition but evading review." *Demis*, 558 F.3d at 516.  "That exception applies only where: '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, *and* (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again.'" *Id*. (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)) (emphasis added).  "The second prong of the exception requires a 'reasonable expectation' or a 'demonstrated probability' that 'the same controversy will recur involving the same complaining party.'" *Id*.

"Although *other prisoners* undoubtedly will face this same issue in the future," there is no reasonable expectation or demonstrated probability that Winkle will be subject to the same action again. *Brock v. United States Dept. of Justice*, 256 Fed. Appx. 748, 751, n. 3 (6th Cir. 2007). Consequently, the exception does not apply in this case.

At least two other panels of this court have dismissed an appeal as moot where an inmate was transferred to a CCC and then eventually released from custody during the pendency of his petition. *See Brock*, 256 Fed. Appx. at 750 ("Because Brock has already been placed in a CCC, and was then released from custody, no actual injury remains which the Court could redress with a

5

favorable decision in this appeal."); *Marshek v. Eichenlaub*, 266 Fed. Appx. 392, 393 (6th Cir. 2008) (per curiam) ("This appeal has clearly been rendered moot by Marshek's placement in a CCC. We must, and do, dismiss his appeal.").

Petitioner's arguments regarding the Second Chance Act are irrelevant as the petition for the writ of habeas corpus was rendered moot by Petitioner's release from custody since this Court can no longer grant the relief requested.

### IV. CONCLUSION

In accordance with the forgoing analysis, the Magistrate's R & R is adopted in full (Doc. No. 20). Petitioner's Petition for Writ of Habeas Corpus is denied. (Doc. No. 1).

IT IS SO ORDERED.

                                              s/ *David A. Katz*
                                              DAVID A. KATZ
                                              U. S. DISTRICT JUDGE